FILED

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

2016 JUL -1  P 3: 10

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

**PIRANHA BRANDING, LLC**
1940 Duke St., Suite 200
Alexandria, VA 22314

                              **Plaintiff,**

v.

**SOCIETY OF PHYSICIAN**
**ENTREPRENEURS FOUNDATION**
25 Sylvan Rd. South, Suite P
Westport, CT 06880

and

**SOCIETY OF PHYSICIAN**
**ENTREPRENEURS, INC.**
1501 M St. NW
Washington, DC 20005

                              **Defendants.**

Case No.: 1:16-CV-851
(LO/TCB)

**JURY TRIAL DEMANDED**

## CIVIL COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Piranha Branding, LLC ("Piranha Branding" or "Plaintiff") for its complaint against Society of Physician Entrepreneurs Foundation and Society of Physician Entrepreneurs, Inc. (hereinafter collectively referred to as "Defendants"), states and alleges as follows:

## INTRODUCTION

1.     Plaintiff brings this case against Defendants for trademark infringement pursuant to 15 U.S.C. § 1114.

2.     Plaintiff owns and operates the Piranha Tank show in multiple cities including Washington D.C. and Baltimore, Maryland since January 2015.

3.     Plaintiff is the owner of U.S. Trademark Registration No. 4,900,734 for PIRANHA TANK, in International Class 36 for "Investment advisory services" ("the '734 Registration"). A true and correct copy of the '734 Registration is attached hereto as Exhibit 1.

4.     The '734 Registration is valid and subsisting and record title is in the name of Piranha Branding, LLC.

5.     Plaintiff promotes, advertises, and solicits applications from entrepreneurs, investors, and sponsors under its registered PIRANHA TANK mark, including but not limited to operating a website with the domain name piranhatank.com, conducting ticket sales via an internet-based ticket platform, and maintaining social media accounts.

6.     Consumers recognize the PIRANHA TANK mark as identifying Plaintiff as the source of the identified goods and services.

7.     Defendants held an entrepreneur pitch event they called the "Piranha Pond Pitch." Defendants' event is substantially the same as that offered by the Plaintiff, is held in the same geographic area, and is marketed to the same class of consumers and through the same channels of trade that Plaintiff offers its events under its registered PIRANHA TANK mark.

8.     Defendants' event name is likely to cause consumer confusion, and wrongfully trades on the goodwill that Plaintiff has built.

9.      Plaintiff is entitled to injunctive relief, actual damages to be determined at trial, interest, costs, attorney's fees, and any other relief this Court deems appropriate.

## JURISDICTION AND VENUE

10.     This Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1338 and 15 U.S.C. §§1116 and 1121.

11.     This Court has personal jurisdiction over Defendants at least because Defendants are transacting business, and, have committed tortious acts, including acts of trademark infringement complained herein, in the Commonwealth of Virginia and in this judicial district, which has injured Plaintiff in this judicial district.

12.     Venue is proper in this District under 28 U.S.C. § 1391 and this Court has personal jurisdiction over Defendants because the Defendants are transacting business in this judicial district, and the acts complained of herein effect business in this judicial district.

## THE PARTIES

13.     Plaintiff is a limited liability company organized and operated under the laws of the Commonwealth of Virginia, with its principal place of business at 1940 Duke Street, Suite 200, Alexandria, Virginia 22314.

14.     Upon information and belief, Defendant Society of Physician Entrepreneurs Foundation is a District of Columbia corporation with its principal place of business at 25 Sylvan Road South, Suite P, Westport, Connecticut 06880. Upon information and belief, Defendant Society of Physician Entrepreneurs, Inc. is a District of Columbia corporation with its principal place of business at 1501 M Street NW, Washington, DC 20005.

3

## FACTUAL BACKGROUND

15.     Plaintiff first started holding events using the name "Piranha Tank" in January 2015. Through its offering of high quality events that result in investment deals for its participants, Plaintiff has built a strong reputation in a relatively short timeframe.

16.     Plaintiff's events are structured as an event wherein a set of entrepreneurs can make a business pitch presentation to a panel of accredited investors in front of a live audience. The aim of the show is to connect local entrepreneurs and businesses with the local investment community and showcase the mechanics of how an investment deal is made.

17.     Due to its high quality events and the economic development results of the show, Plaintiff has built, and continues to build, a nationwide reputation. Plaintiff has received numerous inquiries about bringing its show to cities around the country.

18.     On May 15, 2015, Plaintiff filed an application to register its mark PIRANHA TANK for use in connection with "investment advisory services" in Class 36. The application was granted, and the mark was registered on February 16, 2016.

19.     Plaintiff also owns and continues to use the domain name piranhatank.com, which it has owned and used since at least January 1, 2015. The content of its website prominently displays the PIRANHA TANK mark to advertise and promote to the public that the PIRANHA TANK mark is an indication of source of the high quality events and startup investment information offered by the Plaintiff.

20.     Upon information and belief, Defendants decided to hold a live event where entrepreneurs can give a business pitch to a panel of judges in front of a live audience, similar to Plaintiff's event.

21.     Upon information and belief, Defendants were aware of Plaintiff and its reputation when they adopted "Piranha Pond Pitch" as the tradename for their event.

## COUNT I – TRADEMARK INFRINGEMENT

22.     Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

23.     Plaintiff owns all right, title, and interest in and to its PIRANHA TANK mark, and the '734 Registration. Plaintiff's registration is prima facie evidence of the validity of the PIRANHA TANK mark, and of Plaintiff's ownership and exclusive rights to use the mark.

24.     Defendants adopted the "Piranha Pitch Pond" trade name for use with goods and services that are substantially similar or identical to those offered by Plaintiff under its PIRANHA TANK mark. Defendants adopted their trade name many months after Plaintiff adopted its mark and began holding events under that mark. Defendants offer their goods and services under the "Piranha Pond Pitch" trade name to the same class of consumers through the same channels of trade and the same geographic area as Plaintiff offers goods and services under its PIRANHA TANK mark.

25.     Defendants' use of the "Piranha Pond Pitch" trade name is likely to cause confusion, mistake, and deception of the public as to the identity and origin of their goods and service. Defendants' use has caused harm to Plaintiff, and their continued use is likely to cause irreparable harm to Plaintiff. Defendants' use therefore constitutes infringement of Plaintiff's registered PIRANHA TANK mark under 15 U.S.C. § 1114 and 1125(a).

26.     Upon information and belief, Defendants have actual or constructive knowledge of Plaintiff's protected mark rights in its PIRANHA TANK mark, and their failure to cease use

of the confusingly similar "Piranha Pond Pitch" trade name constitutes intentional infringement. Defendants' acts therefore constitute willful infringement.

27.     Upon information and belief, by their acts, Defendants have made and will make substantial profits and gains to which they are not in law or equity entitled based on the infringement of Plaintiff's PIRANHA TANK mark.

28.     Plaintiff has suffered damages, and will continue to suffer damages, as a direct and proximate result of Defendants' infringement of Plaintiff's registered mark, and is entitled to recover damages in an amount to be determined at trial, plus attorney's fees and costs under 15 U.S.C. § 1117, as well as injunctive relief, prohibiting Defendants from future infringement of Plaintiff's registered service mark.

29.     Plaintiff has no adequate remedy at law inasmuch as money damages alone would not indemnify Plaintiff for the permanent loss of its proprietary rights, established goodwill, business reputation, and business plans, expectancies, and abilities.

30.     Unless this Court enjoins Defendants, which would serve the public interest, Defendants' actions will continue to cause irreparable damage to Plaintiff's enterprises, property rights, goodwill, and business reputation that outweighs any possible harm to others.

31.     Because Defendants' infringement is intentional, Plaintiff is entitled to treble damages and reasonable attorneys' fees under 15 U.S.C. § 1117.

## COUNT II – UNFAIR COMPETITION

32.     Plaintiff incorporates the allegations set forth in the foregoing paragraphs as though fully alleged herein.

33.     Plaintiff adopted and began commercial use of its PIRANHA TANK mark at least as early as January 2015. Plaintiff owns all right, title, and interest in and to its PIRANHA

TANK mark. Plaintiff has offered goods and services under its PIRANHA TANK, and actively advertised and promoted its goods and services using the mark, continuously since it was adopted, and has developed a reputation for high-quality goods and services under the mark. Due to its long-term, continuous use, Plaintiff has developed substantial and valuable goodwill in the mark.

34.     Defendants adopted the "Piranha Pond Pitch" trade name for use with goods and services that are substantially similar or identical to those offered by Plaintiff under its PIRANHA TANK mark many months after Plaintiff adopted its mark and began rendering services under that mark. Defendants offer their goods and services under the "Piranha Pitch Pond" trade name to the same class of consumers through the same channels of trade and in the same geographic area as Plaintiff offers goods and services under its PIRANHA TANK mark.

35.     Due its use and the substantial goodwill that Plaintiff has built, the mark PIRANHA TANK has come to be associated with Plaintiff and the highest quality events and startup investment advisory information it offers.

36.     Defendants' use of "Piranha Pond Pitch" as their trade name for an event during which entrepreneurs can make a business pitch presentation to a panel of judges in front of a live audience is likely to unfairly divert Plaintiff's business and confuse the public in violation of 15 U.S.C. §1125(a)(1).

37.     Plaintiff has been harmed by Defendants' use of the identical or confusingly similar "Piranha Pitch Pond" trade name, and is likely to suffer irreparable harm for which there is no adequate remedy at law by Defendants' continued use of the trade name.

38.     Upon information and belief, Defendants have actual or construction knowledge of Plaintiff's rights in its PIRANHA TANK mark, and their failure to cease use of the identical

or confusingly similar "Piranha Pond Pitch" constitutes a willful and intentional effort to trade on the goodwill Plaintiff has established in its PIRANHA TANK mark.

39. Plaintiff is entitled to recover compensatory damages to be determined at trial, as well as injunctive relief prohibiting Defendants from future infringement of Plaintiff's mark or a confusingly similar variation thereof.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Piranha Branding, LLC prays this Honorable Court for enter Judgment against Defendants and enters an Order as follows:

1. A declaration that Defendants' trade name is confusingly similar to and infringes on Plaintiff's mark;

2. A declaration that Defendants' use of their confusingly similar trade name constitutes unfair competition;

3. A declaration that Defendants' infringement is willful;

4. A declaration that this case is exceptional;

5. An order enjoining Defendants, their officers, agents, sales representatives, servants, employees, associates, successors and assigns, and all persons acting under their control, by, through, under, or in active concert or in participation with them, from in any way using the Piranha Pond Pitch Mark or other confusingly similar marks to Plaintiff's Piranha Tank mark;

6.   An award of damages adequate to compensate Plaintiff for Defendants' infringement;

7.   An Order requiring Defendants to provide an accounting of Defendants' profit resulting from sales of products  or services branded with the infringing Piranha Pond Pitch Pond mark and disgorge all profits to Plaintiff;

8.   An order enhancing the amount of actual damages awarded to Plaintiff up to three times pursuant to 15 U.S.C. § 1117;

9.   An award of Plaintiff's reasonable attorney's fees and costs of this action;

10.   An award of interest; and

11.   Such further and additional relief as this Court deems just and proper to award.

## JURY DEMAND

Plaintiff demands a trial by jury for any and all issues proper to be so tried.

Dated: July 1, 2016

Respectfully submitted,

Derek Richmond
Virginia Bar No. 45803
11730 Plaza America Dr. #600
Reston, Virginia 20190
Phone: (703) 668-8000
Fax: (703) 668-8200
Email: drichmond@hdp.com

*Attorney for Plaintiff*
*Piranha Branding, LLC*

9